UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD G. HARMS, as personal representative of the Estate of KURT STANLEY HARMS,

Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,

Defendant.

CASE NO. C06-572JLR

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on Defendant Lockheed Martin Corporation's ("Lockheed") motion for summary judgment (Dkt. # 40). The court DENIES the motion.

## I. BACKGROUND

The relevant facts are not in dispute. In March 2005, Kurt Harms died as the result of injuries sustained in a car crash on an Australian highway. Am. Compl. ¶¶ 3.8-3.15 (Dkt. # 3). He was the passenger in a car driven by Gary Boughton, a Lockheed employee who was acting within the scope and course of his employment. *Id.* ¶ 3.15; Answer ¶ 10 (Dkt. # 10). Plaintiff contends that Mr. Harms' death was the result of Mr. Boughton's negligence. Resp. at 2 (Dkt. # 45).

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 1

Mr. Harms was unmarried and had no children. *Id.* He was survived by his father, his brother, and his sister, none of whom was dependent on Mr. Harms for financial support. *Id.* His father, Richard Harms, brought this action for tortious death as personal representative for Kurt Harms' estate ("estate"). Am. Compl. ¶¶ 4.1-4.2.

The estate concedes that it has no cognizable claims under Washington's wrongful death statutes, RCW §§ 4.20.010 (wrongful death), 4.20.020 (beneficiaries of wrongful death), and 4.24.010 (child death/injury), or the special survival statute, RCW § 4.20.060 (death by personal injury), because Mr. Harms left no statutory beneficiaries enumerated in RCW § 4.20.020.[1]  Resp. at 3-4. The estate contends, however, that it may still seek economic damages under the general survival statute, RCW § 4.20.046. *Id.*

## II. ANALYSIS

Lockheed moves for summary judgment based on a purely legal question. First, Lockheed argues that the general survival statute, RCW § 4.20.046, disallows suits by a decedent who dies from the injuries that form the basis of the complaint. Mot. at 5-6. Second, Lockheed contends that the general survival statute prohibits recovery by the estate when there are no statutory beneficiaries. *Id.* at 8-10. In effect, Lockheed argues that Washington law prohibits an estate from recovering against a tortfeasor unless the decedent had statutory beneficiaries and died from other causes.

The court disagrees. Lockheed misreads the relevant statutes and misconstrues well-settled case law.

### A. Standard of Review

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material

---

[1] Effective July 22, 2007, RCW §§ 4.20.020 and 4.20.060 were revised to insert references to state registered domestic partners. *See* 2007 Wash. Legis. Serv. Ch. 156 (S.S.B. 5336) (West). The pre-July 2007 versions apply here.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 2

fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). For purely legal questions, summary judgment is appropriate without deference to the non-moving party.

**B.    Scope of Survival Actions**

Lockheed's interpretation of the law would mean that a tortfeasor could negligently kill a person who lacked statutory beneficiaries without being liable to anyone. That tortured logic conflates wrongful death and survival actions, on one hand, and confuses the scope of the general and special survival actions, on the other.

The right to bring tortious death claims is purely statutory. *See Warner v. McCaughan*, 460 P.2d 272, 274 (Wash. 1969)[2]; *Tait v. Wahl*, 987 P.2d 127, 130 (Wash. Ct. App. 1999). In Washington, these claims may be brought pursuant to the wrongful death statutes, RCW §§ 4.20.010, 4.20.020, 4.24.010, and the survival statutes, RCW §§ 4.20.046 and 4.20.060. *See Otani v. Broudy*, 92 P.3d 192, 194 (Wash. 2004); *Masunaga v. Gapasin*, 790 P.2d 171, 172 (Wash. Ct. App. 1990). The primary differences between wrongful death and survival actions are in (1) the causes of action, and (2) the beneficiaries. *See Otani*, 92 P.3d at 198; Michael M. Martin, *Measuring Damages in Survival Actions for Tortious Death*, 47 Wash. L. Rev. 609, 610 (1972).

The wrongful death statutes create *new* causes of action for statutory beneficiaries of the deceased to recover their own damages. RCW §§ 4.20.010, 4.20.020*; see Otani*, 92 P.3d at 195. In contrast, the survival statutes do not create new causes of action but instead *preserve* causes of action for a decedent's personal representative that the decedent could have maintained had he or she not died. RCW § 4.20.046, 4.20.060; *see Otani*, 92 P.3d at 194-95, 198. The beneficiaries of these preserved claims are either the

---

[2]*Warner* remains the seminal case in any discussion of the general survival statute, though its discussion of the proper measure of damages was clarified in *Wooldridge v. Woolett*, 638 P.2d 566, 568-570 (Wash. 1981).

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 3

decedent's (a) estate (the creditors and the heirs or devisees), or, under certain circumstances, (b) statutory beneficiaries. RCW § 4.20.046; RCW §§ 4.20.060; *see Otani*, 92 P.3d at 198; *Warner*, 460 P.2d at 276; *Tait,* 987 P.2d at 131 ("[U]nlike the wrongful death and special survival statutes, the decedent's personal representative can recover damages under [the general survival statute] on behalf of the decedent's estate."); Martin, *supra*, at 612.

Lockheed makes an unwarranted attempt to impose the requirements of the special survival statute[3] onto the general survival statute.[4] But the special and general survival statutes differ as to *which* survival claims are preserved and *who* will collect the

---

[3]In relevant part, the special survival statute provides:
*No action for a personal injury to any person occasioning death shall abate*, nor shall such right of action determine, by reason of such death, *if such person has a surviving spouse or child living, including stepchildren, or leaving no surviving spouse or such children, if there is dependent upon the deceased for support* and resident within the United States at the time of decedent's death, parents, sisters, or brothers; but such action may be prosecuted, or commenced and prosecuted, by the executor or administrator of the deceased, *in favor of such surviving spouse, or in favor of the surviving spouse and such children, or if no surviving spouse, in favor of such child or children, or if no surviving spouse or such child or children, then in favor of the decedent's parents, sisters, or brothers who may be dependent upon such person* for support, and resident in the United States at the time of decedent's death.
RCW § 4.20.060 (emphases added).

[4]In relevant part, the general survival statute provides:
 *All causes of action* by a person or persons against another person or persons shall survive *to the personal representatives of the former* and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: PROVIDED, HOWEVER, That the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020, and such damages are recoverable regardless of whether or not the death was occasioned by the injury that is the basis for the action.
RCW § 4.20.046(1) (emphases added).

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 4

decedent's damages.  Unsurprisingly, the *special* survival statute is narrow and preserves the decedent's claims for death by the complained of injuries on behalf of statutory beneficiaries.  The *general* survival statute is broad and preserves *all* claims on behalf of the estate (as to economic damages) *and* on behalf of statutory beneficiaries (as to certain non-economic damages).

In *Warner v. McCaughlin*, the Washington Supreme Court recognized the broad scope of the general survival statute.  It found that the special survival statute did not restrict the applicability of the general survival statute because the "legislature was intent on preserving causes of action, rather than pleas of abatement." *Warner*, 460 P.2d at 276 (quoting *Engen v. Arnold*, 379 P.2d 990, 993 (Wash. 1963)).  It held, therefore, that the estate could recover damages under the general survival statute for a decedent who left behind no statutory beneficiaries and died as the result of the complained of injuries. *See id.* at 276-77 (holding that wrongful death action did not apply because there were no statutory beneficiaries).  The court noted that, in enacting the general survival statute, the legislature meant for *all* causes of action to survive so that it would not be more profitable for the defendant "to kill the plaintiff than to scratch him," thereby leaving "the bereaved family of the victim . . . without a remedy." *Id.* at 275 (quoting Dean Prosser, Prosser on Torts, § 121, at 924 (3d ed. 1964)); *see Otani*, 92 P.3d at 198 ("Although Washington's wrongful death and survival statutes benefit different parties, they provide recoverable damages for the death or injury of another, depending on the circumstances.  Thus it is not cheaper for a defendant to kill, instead of injure, another person in Washington.").

"It is well settled law that the estate of a person who dies after birth can maintain a survival cause of action under [the general survival statute]." *Cavazos v. Franklin*, 867 P.2d 674, 676 (Wash. Ct. App. 1994) (holding that the estate of a viable, unborn child could recover under general survival statute); *see Criscuola v. Andrews*, 507 P.2d 149, 150 (Wash. 1973) (holding that the estate of person who died instantaneously and left no

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 5

statutory beneficiaries could recover under general survival statute when death is instantaneous and decedent left no statutory beneficiaries); *Balmer v. Dilley*, 502 P.2d 456, 458 (Wash. 1972) (holding that estate of boy who died in car crash could recover damages under general survival statute); *see, e.g.*, *Federated Servs. Ins. Co. v. Personal Representative of Estate of Norberg*, 4 P.3d 844 (Wash. Ct. App. 2000) (reviewing the proper measure of damages permissible under general survival statute to estate for decedent who died in head-on collision and left no statutory beneficiaries). The estate's right to recover damages under the general survival statute is limited to the lost net accumulations of the decedent. *See Wooldridge*, 638 P.2d at 570; *Norberg*, 4 P.3d at 848; *Tait*, 987 P.2d at 131-32.

Thus, Lockheed's arguments must fail unless it can show that the legislature has restricted damages available to decedents' estates under the general survival statute or the courts have overturned well-settled case law.

**C.     Injuries Causing Death**

Lockheed argues that because the special survival statute applies only to actions brought by a personal representative on behalf of statutorily designated beneficiaries for injuries that cause the decedent's death, the general survival statute contains a similar limitation, i.e., it applies *only* to "actions brought by a personal representative on behalf of the estate for injuries suffered by a decedent that did not cause the decedent's death." Mot. at 5 (quoting *Higbee v. Shorewood Osteopathic Hosp.*, 711 P.2d 306, 309 (Wash. 1985)). Lockheed contends that the estate cannot recover here because Kurt Harms died from the injuries sustained in a car crash and those injuries serve as the basis of the complaint. The court rejects this evisceration of the general survival statute.

The general survival statute was enacted to rectify the anomaly of it being "more profitable for the defendant to kill the plaintiff than to scratch him." *See Warner*, 400 P.2d at 275 (citation omitted). Only in a looking-glass world would a statute that

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 6

specifies that "*[a]ll* causes of action . . . shall survive," RCW § 4.20.046(1) (emphasis added), actually exclude actions for injuries that led to death. The *Higbee* court never carved out such a categorical exclusion. *See Higbee*, 711 P.2d at 309 (noting that "[t]he general survival statute . . . *applies to*" actions for injuries not leading to death, but that "[t]he special survival statute . . . *applies only to*" actions for injuries leading to death) (emphases added).

The *Higbee* court relied upon *Walton v. Absher Constr. Co.*, 676 P.2d 1002, 1004 (Wash. 1984), for its description of the general survival statute's scope. In *Walton*, the Washington Supreme Court explicitly approved the *Warner* court's reconciliation of the general and survival statutes. *Id.* (noting that the court was presented with the "flip side of the issue before the *Warner* court," i.e., whether the general survival statute implicitly restricted recovery of non-economic damages under the special survival statute). The *Warner* court permitted the estate of a woman who left no statutory beneficiaries to recover under the general survival statute for damages arising out of her death. *See Warner*, 460 P.2d at 276.

Read in proper context, the *Higbee* court stated no more than that *unlike* the special survival statute, the general survival statute applies to actions for injuries not leading to death. *Cf.* RCW § 4.20.046(1) (noting that statutory beneficiaries may *also* recover certain non-economic damages "whether or not the death was occasioned by the injury that is the basis for the action"). The same holds true for Lockheed's citation to *Otani ex rel. Shigaki v. Broudy. See Otani*, 92 P.3d at 195-96 (noting that estate could recover for lost net accumulations and not restricting such damages only to injuries that caused death). The court rejects Lockheed's suggestion that the general survival statute applies *only* where the decedent's injuries did not cause the decedent's death. "Were we to read [the general survival statute] so restrictively, the estate of a decedent with no

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 7

surviving statutory beneficiaries could not recover injuries which caused the decedent's death . . . ." *Vail v. Toftness*, 753 P.2d 553, 555 n.1 (Wash. Ct. App. 1988).

### D.     Recovery by the Estate

Lockheed argues that the general survival statute requires that Kurt Harms be survived by statutory beneficiaries in order for the *estate* to recover on his behalf. Reply at 2-7. Its theory is based on its misreading of the statute's language and case law dicta.

Lockheed argues that the following language from the general survival statute supports its position: "PROVIDED, HOWEVER, That the personal representative shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased on behalf of those beneficiaries enumerated in RCW 4.20.020 . . . ." RCW § 4.20.046(1). But this language, added in a 1993 amendment to the statute, was an *expansion*, not a contraction, of damages available under the general survival statute.

Prior to 1993, recovery for non-economic damages such as pain and suffering was available to statutory beneficiaries under the special survival statute but was not available to *anyone* under the general survival statute. *Compare* 1961 Wash. Laws Ch. 137, § 1 *with* RCW § 4.20.046 *and* RCW § 4.20.060. Thus, statutory beneficiaries could not recover for non-economic damages if the decedent died, for example, of old age during the pendency of their personal injury case. This loophole rewarded insurance managers who delayed settlements with elderly victims: they would pay less if the injured party died. *See* House Bill Report, SB 5077, at 1-2, reported by House Committee on Judiciary (1993). The legislative history shows that the 1993 amendment was meant to close this loophole by permitting statutory beneficiaries to recover those non-economic damages under the general survival statute. *See id.* That is, because the general survival statute encompassed *all* survival actions, whether the person died or not, the legislature found it

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 8

an expeditious way to afford a certain class of beneficiaries the same kind of damages afforded under the special survival statute.

The legislature never indicated the intent to curtail recovery of purely economic damages by the estate. Both pre- and post-1993, the estate is not entitled to recover *non-economic damages* (pain and suffering, etc.) on behalf of the decedent. *Compare* 1961 Wash. Laws Ch. 137, § 1 *with* RCW § 4.20.046. The legislature expanded the general survival statute's scope and left the estate's right to recovery alone. *See* House Bill Report, SB 5077, at 1-2.

Lockheed relies upon generalized dicta to reach the contrary position. For example, in *Philippides v. Bernard*, 88 P.3d 939, 944 (Wash. 2004), the court stated: "Washington's four interrelated statutory causes of action for wrongful death and survival each require that parents be 'dependent for support' on a deceased adult child in order to recover. *See* RCW 4.20.010 (child injury/death) [sic][5]; RCW 4.20.020 (wrongful death); RCW 4.20.046 (general survival statute); RCW 4.20.060 (special survival statute)." *See, e.g.*, *Schumacher v. Williams*, 28 P.3d 792, 797 (Wash. Ct. App. 2001) (examining child injury/death statute but noting that "the beneficiaries under both the survival of action provisions and the wrongful death statute have not included siblings or parents who are not dependent on the decedent for support").[6] There is no further discussion of the general survival statute. In only one of the cases cited by Lockheed did a court hold that the personal representative could not maintain an action under the general survival statute because the decedent lacked statutory beneficiaries. *See Rentz v. Spokane County*, 438

---

[5]The child injury/death statute is at RCW 4.24.010. The wrongful death statute is RCW 4.20.010 and the beneficiaries for a wrongful death action are set forth in RCW 4.20.020.

[6]Lockheed cites *Masunaga v. Gapasin* in support of its argument, but the case undermines its position. First, *Masunaga* addressed the child injury/death statute, RCW 4.24.010, which is not applicable here. *Masunaga*, 790 P.2d at 172. Second, the estate's claims were not before the court because they had been settled beforehand. *Id.*

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 9

F. Supp. 2d 1252 (E.D. Wash. 2006). In that decision, the court referred to the broad summation sentence in *Philippides* and held summary judgment to be proper. *Id.* at 1259.

The *Philippides* court never suggested that its single-sentence summation about tortious death overturned the well-settled understanding that an estate may recover under the general survival statute for economic damages due a decedent who leaves no statutory beneficiaries. *See, e.g.*, *Norberg*, 4 P.3d at 846; *Wooldridge*, 638 P.2d at 567; *Walton*, 676 P.2d at 1004; *Criscuola,* 507 P.2d at 150; *Balmer*, 502 P.2d at 458; *Warner*, 460 P.2d at 276; *Tait*, 987 P.2d at 131; *Cavazos*, 867 P.2d at 677; *Wagner v. Flightcraft, Inc.*, 643 P.2d 906, 912 (Wash. Ct. App. 1982). *Cf. Otani*, 92 P.3d at 195 ("[S]pecifically, recovery under the general survival statute is for the benefit of, and passes through, the decedent's estate, whereas recovery under the special survival statute is for the benefit of, and is distributed directly to, the statutory beneficiaries."). The court, therefore, rejects both Lockheed's argument and the conclusion in *Rentz*.[7]

### III. CONCLUSION

For the reasons stated, the court DENIES Lockheed's motion for summary judgment (Dkt. # 40).

Dated this 27th day of September, 2007.

JAMES L. ROBART
United States District Judge

---

[7] The court did not find particularly informative Lockheed's discussion of a proposed bill to amend RCW § 4.20.046 in light of *Philippedes* and *Otani*. Reply at 5, Ex. A. Lockheed would have been better served by discussing the legislative history of the statute actually in effect.

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 10